[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pecos River Learning Centers, Inc. has moved for summary judgment on the intervening plaintiffs' complaint on the ground that the intervening plaintiffs' action is barred by the two-year statute of limitations set forth in § 52-584 of the General Statutes. The intervening plaintiffs, Brian and Marcia Andreoli, oppose the motion on the grounds that (1) § 31-293, under which they have filed their complaint, gives them an additional thirty days; and (2) there is a material issue of fact regarding when Brian Andreoli discovered his injury.
Pecos River is a foreign corporation as defined by § 33-284(k) of the General Statutes.[1] Section 33-411, "Service of process on foreign corporations," requires that service be made upon the Secretary of State or the corporation's duly appointed agent for service in this state. Pursuant to § 33-411, service upon the Secretary of State "shall be effective as of the date and hour received by the secretary of the state as shown on his record. . . ." The photocopy of the summons, contained in exhibit two of the intervening plaintiffs' objection, indicates that the Secretary of State is Pecos River's agent for service, however, there is no indication of when the Secretary of State was served, if ever.
The intervening plaintiffs' objection also includes copies of a certified mail receipt indicating that Pecos River received service by mail in New Mexico. This, however, is insufficient to meet the requirements of the statute or to establish the date of service.
Because the date of service is undeterminable from the pleadings, the court is constrained to find the existence of a material issue of fact. Where such an issue exists, the court CT Page 5755 must deny a motion for summary judgment. Practice Book § 384.
Accordingly, the motion for summary judgment is denied.
Moraghan, J.